UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FEDERAL INSURANCE COMPANY,**          CASE NO. 1:04CV697
    **PLAINTIFF**                                         (SPIEGEL, S.J.)
                                                                               (HOGAN, M.J.)

**VS.**

**CINTAS CORPORATION,**
    **DEFENDANT**

ORDER

Before the Court is Plaintiff's Motion to Compel (Doc.21), Defendant's Memorandum in Opposition (Doc. 27) and Plaintiff's Reply (Doc. 32). This Motion is resolved without argument on the filings alone. For the reasons which follow, Plaintiff's Motion is granted in part and denied in part.

BACKGROUND INFORMATION

Current and former employees of Defendant Cintas sued the company in a federal court in California. The case there is called "the *Veliz* action" Among the claims are 11 wage claims and 2 ERISA claims, one of which was filed against the company and the other against both the company and the plan administrator. The latter claim was subsequently dismissed. The case pending in this Court is a declaratory judgment action seeking a declaration on behalf of Plaintiff that the remaining claim is not covered by the policy, issued by Plaintiff and sold to Cintas, or a declaration on behalf of Cintas that the claim is within the scope of the policy.

THE DISPUTE

Plaintiff served a set of interrogatories upon Defendant and requested in Interrogatory #6 that Defendant provide the names and titles of persons who made the decision to classify the *Veliz* plaintiffs as "non-hourly" employees. Document Request #1 made a corresponding request

for the records relating to the decision referenced in Interrogatory #6.  Cintas refused to respond other than to object on the basis of relevance, breadth, undue burden and to state that the interrogatory "prematurely seeks the production of information relating to factual issues that have not yet been the subject of discovery in the underlying liability action."  To the document request, Cintas responded with all the above plus attorney-client privilege and/or work product doctrine.

## OPINION

We believe that the initial question to be determined is whether or not Count I of the *Veliz* action states a claim against Cintas, which would bring the allegations of Count I within the scope of the coverage provided by the Plaintiff's policy.  The trial judge's order of November, 2003 allowed Count I to go forward and remain viable and the plan administrator to remain a Defendant in the case.  The policy provides coverage to Cintas and all fiduciaries of covered plans for a loss resulting from a wrongful act, which includes a breach of duty imposed upon a fiduciary by ERISA.  Thus, Defendant argues that under *Willoughby Hills v. Cincinnati Insurance Company*, 9 O.S.3d 177 (1984),  Plaintiff has a duty to at least provide a defense because the claim stated in Count I is arguably within the coverage stated by the policy because Count I alleges that Cintas, which is both the employer and the plan administrator, violated the record keeping requirement of ERISA to keep accurate records so that the benefits due its employees can be readily determined.

Plaintiff disagrees and points out that the allegations of Count I are that Cintas violated the record keeping requirements of ERISA, Section 209(a)(1), which is that "every employer shall, in accordance with regulations prescribed by the Secretary, maintain records with respect to each of his employees sufficient to determine the benefits due . . ."  In other words, Plaintiff argues that since Cintas is both the employer and the plan administrator, and even if Count I could be construed as stating a claim directed to the plan administrator, the legal obligation is upon the employer, not the plan administrator.  Thus, Plaintiff seeks in discovery to learn whether the acts alleged in Count I were performed by Cintas as employer or plan administrator.

Neither party has produced a copy of the policy.  In this respect Plaintiff, the insurance

company, argues that its policy is a "fiduciary policy and does not provide a duty to defend or a duty to indemnify employers making business decisions." Plaintiff's theory of the case appears to be that coverage is extended to plan administrators, not Cintas as an employer, and that the classification of employees as exempt or not is a business decision, made by the employer and not implicating an ERISA fiduciary. The *Veliz* plaintiffs' position appears to be that Cintas' arguably improper business decision to misclassify employees caused the record keeping failures attributed to the plan administrator, the latter of which is the wrongful act covered by the fiduciary policy.

     We have to conclude that the decision of the trial judge to permit Count I in the *Veliz* case to continue in the face of a Motion to Dismiss filed by Cintas does not resolve the coverage question at all. While coverage questions are routinely resolved by comparing the policy to the allegations of the complaint, the coverage question here appears to be somewhat more complicated because Cintas functioned both as the employer and as the plan administrator. It would appear to us that the alleged wrongful act of Cintas as an employer might well have caused a corresponding wrongful act on the part of Cintas, the plan administrator, and record keeper. Although we cannot say at this point whether or not there is coverage under the policy, we can say with the assurance provided by the *Willoughby Hills* case that Plaintiff has a duty to defend the claim.

     Although Cintas insists that Plaintiff's requested discovery will be burdensome, oppressive, etc., we believe that it can be tailored to get to the point much quicker than deposing multiple people and disclosing thousands of documents. Plaintiff is entitled to have a copy of any and all policies instructing supervisors how to classify employees and to depose those responsible for the policy. This clearly does not obligate Cintas to name every supervisor charged with the duty to carry out instructions or to produce volumes of paper relative to people who are carrying out company policy. Plaintiff is entitled to discovery limited to upper management and to provide same does not require, in our opinion, a stay of the proceedings. We agree that the requested information is irrelevant to Plaintiff's duty to defend, but it may be relevant to its duty to indemnify.

     Defendant's position is that documents should not be produced in this action unless first

produced in the *Veliz* case. We can find no authority for such a proposition, nor has Defendant provided us with any. In any event, there is a Confidentiality Order previously placed of record which should prevent any exchange of information with the *Veliz* plaintiffs.

We understand that the discovery deadline of September 15, 2005 has passed, but that Plaintiff's Motion to Compel, although filed three days before the deadline, didn't become ripe for decision until October 14, 2005. Therefore, we will recommend that the District Judge, who set the deadline, permit a one month extension of discovery for Defendant to comply with the limited discovery permitted by the Court and for the Plaintiff to depose the person or persons responsible for Cintas' policy on exempt or non-exempt classifications.

It is so ordered.

                                                            s/Timothy S. Hogan

October 21, 2005                              _____
                                                      Timothy S. Hogan
                                                      United States Magistrate Judge